UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN SHANNON,<br><br>    Plaintiff,<br><br>vs.<br><br>A. HARROUN, et al.,<br><br>    Defendants. | 3:14-cv-00505-RCJ-WGC<br><br>**ORDER**<br><br>**re: Doc. # 12** |

Before the court is Plaintiff's "Request for Clarification" (Doc. # 12[1]), which the court interprets as a motion for leave to file an amended complaint.

By way of background, Plaintiff's civil rights complaint was screened on February 19, 2015. (Doc. # 5.) The Screening Order allowed Plaintiff's First Amendment retaliation claim and Plaintiff's Due Process Claim to proceed against certain defendants (*id.*, at 7). Plaintiff's denial of access to courts claim was dismissed for failing to state a claim because the Plaintiff did not sufficiently establish that he had suffered an "actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived." (Doc. # 5, citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996).) Although the order stated the claim was dismissed without prejudice, the Screening Order was silent as to whether Plaintiff, following the outcome of the stay, would be afforded leave to amend.

Plaintiff's Request for Clarification inquires whether, after the unsuccessful mediation, he is "now free to submit [his] amended complaint to the court?" (Doc. # 12.) The answer to the question is in the affirmative. Plaintiff's request/motion (Doc. # 12) is **GRANTED**, subject to the terms and

---

[1] Refers to court's docket number.

conditions imposed by this order.

If Plaintiff wishes to amend his complaint to overcome the deficiencies with respect to the actual injury issues, not later than **thirty (30) days** from the date of this order, Plaintiff shall file an amended complaint which shall include the same retaliation and due process claims which were allowed to proceed.  Additionally, Plaintiff's amended complaint may re-state his allegations of denial of access to courts to correct the deficiencies of that cause of action noted in the Scheduling Order.

The court will elaborate on the actual injury component of an access to courts claim.  If Plaintiff chooses to amend his action, his amended complaint must demonstrate an "actual injury" which would allow his access to courts claim to proceed. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 348 (citation and internal quotations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, at 342-43; *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show a "non frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999). Actual injury may be shown if the denial "hindered [the inmate's] efforts to pursue a legal claim," such as having his complaint dismissed for "failure to satisfy some technical requirements" caused by the denial, or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied [by the denial] that he was unable even to file a complaint." *Lewis*, 518 U.S. at 351. *Lewis* also ruled that one's actual injury must arise from a limited type of cases: direct appeals from convictions for which the inmates are incarcerated, habeas petitions, or civil rights actions regarding prison conditions. *Id.*, 518 U.S. at 354. However, nominal interference with an inmate's litigation does not rise to the level of an actual injury.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*, 518 U.S. at 355, 116 S. Ct. at 2182.

Thus, to aver a viable denial of access to courts claim, Plaintiff will have to allege sufficient facts that demonstrated Plaintiff was "stymied" in some fashion so that he was prevented from litigating a cognizable access to courts claim.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's

2

1 amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged in the amended pleading.

In summary, any amended complaint will proceed on the two colorable claims authorized by the Screening Order, plus any attempt to correct the deficiencies in the access to courts claim. However, Plaintiff is cautioned that if he includes any <u>additional averments, or seeks to add more parties</u>, any such amended complaint must be accompanied by a motion to amend seeking leave of court to pursue those additional claims beyond those authorized in this order. Of course, if Plaintiff chooses to merely proceed on the two colorable claims which survived screening and not file an amended complaint, he may do so.

Defendants' obligation to respond to the pending complaint (Doc. # 6) is **STAYED.** If Plaintiff fails to file his amended complaint within the time allotted, Defendants shall file their answer or response to Plaintiff's complaint (Doc. # 6) as directed in the court's May 21, 2015 Order. (Doc. #11.) However, if Plaintiff submits an amended complaint in compliance with the Screening Order (Doc. # 5) and this Order, Defendants shall file their answer or response to Plaintiff's amended complaint within **sixty (60) days** of receipt of same. If Plaintiff files a motion to further amend his pending allegations, Defendants shall respond to any such motion no later than **twenty-one (21) days** after service.

The Local Rules require plaintiffs appearing in *pro se*, such as Plaintiff herein, to file all of their complaints and petitions on the court's approved forms. LSR 2-1 ("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). In that regard, in allowing Plaintiff to file an amended complaint, the court will provide Plaintiff a form complaint.

**IT IS SO ORDERED.**

DATED: June 11, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3