UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN SHANNON, | ) | 3:14-cv-00505-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | Re:  ECF No. 32 |
| A. HARROUN, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Notice of Late Pleading to the Court.  (ECF No. 32.)[1] Defendants have responded (ECF No. 33] and have treated Plaintiff's filing as a motion to extend time to file an amended complaint. The court addresses Plaintiff's notice similarly.

### BACKGROUND

Plaintiff's civil rights complaint (ECF No. 6) was filed on February 19, 2015. Pursuant to the Screening Order, Plaintiff's First Amendment retaliation claim and Plaintiff's Due Process Claim were allowed to proceed against certain defendants (ECF No. 5 at 7).  Plaintiff's denial of access to courts claim was dismissed for failing to state a claim because Plaintiff did not sufficiently establish that he had suffered an "actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived." (*Id*., citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996).)  Although the order stated the claim was dismissed without prejudice, the Screening Order was silent as to whether Plaintiff, following the outcome of the stay, would be afforded leave to amend.

On June 10, 2015, following an unsuccessful mediation, Plaintiff filed a request for clarification,

---
[1] Refers to court's Electronic Case Filing number.

asking if he is "now free to submit [his] amended complaint to the court?" (ECF No. 12.) The court, interpreting Plaintiff's motion whether he could seek leave to amend his action, answered Plaintiff's inquiry in the affirmative. (ECF No. 16 at 1-2.) The court advised Plaintiff that if he wanted to amend his complaint to attempt to overcome the deficiencies noted in the screening order, he had to do so within thirty days of the court's order by filing an amended complaint. (*Id*., at 2.) The court's June 11, 2015, order provided Plaintiff very specific instructions on what he must aver in order to attempt to overcome the deficiencies of his access to court's claim. (*Id.*) Because of the possibility that Plaintiff may attempt to amend his complaint, the court stayed Defendant's obligation to respond to Plaintiff's pending complaint. The order also provided that if Plaintiff did not file his complaint within the time allotted (i.e., by July 11, 2015), that Defendants should proceed to respond to the original complaint. (*Id*., at 1-2.)

Plaintiff later requested an extension of time to file his amended complaint and the court extended the deadline to July 30, 2015. (ECF Nos. 17, 18.) Plaintiff did not file his amended complaint by July 30, 2015, but instead filed a Notice to the Court of Late Pleading. (ECF No. 19.) Because no amended complaint had been filed by the deadline, the Defendants answered Plaintiff's original complaint on September 3, 2014, (ECF No. 20.)

On September 16, 2015, Plaintiff filed a second motion to extend time to file what Plaintiff described as a "lengthy and detailed" an amended complaint. (ECF No. 21.) Because the Defendants had already filed their answer (ECF No. 20), and because the court had already entered its scheduling order (ECF No. 25), Plaintiff's motion was denied without prejudice. (ECF No. 27.) However, the October 6, 2015 Order instructed Plaintiff of the procedure he must follow if he still wished to amend his complaint:

> If Plaintiff chooses again to amend his complaint, he must comply with Local Rule 15-1 which provides that "the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete it itself without reference to the superseding pleading," and the court's Scheduling Order (ECF No. 25, ¶ 2) which set a deadline for filing motions for leave to amend, i.e., **November 30, 2015.**

(ECF No. 27 at 2; emphasis in the original.)

The record reflects Plaintiff did not file a motion for leave to amend and the time within which to do so has now long expired. The explanation Plaintiff provides in his December 10, 2015 notice, i.e.,

2

unavailability of writing paper, might have had some persuasive effect when he first sought additional time to submit an amended complaint in June. Surely, however, in the five or six months this case has been pending Plaintiff had time to aggregate sufficient writing materials. The court notes Plaintiff's original complaint (ECF No. 6) utilized the court's form pleading which did not even necessitate any separate paper.  Nor did Plaintiff file any request for an extension of his copywork allowance.[2]

Therefore, Plaintiff's Notice of Late Pleading (ECF No. 32), insofar as it seeks an extension of time to file an amended complaint, is **DENIED.**

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

DATED:  December 23, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's argument he has to make "at least two copies" of a proposed amended complaint is unavailing since Lovelock Correctional Center, where Plaintiff is confined, utilizes electronic format for filing and service.